STEPHANIE YONEKURA
Acting United States Attorney
DOUGLAS E. GINSBURG                    **NOTE: Changes made to this document**
Assistant Director
Office of Immigration Litigation
MATTHEW B. GEORGE
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice - Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4496
Fax:   (202) 307-8781
matthew.b.george2@usdoj.gov
Attorneys for RESPONDENT
Eric H. Holder, Jr., U.S. Attorney General

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | ) Case No.: CV 14-7566 DMG (VBK) |
| DAVID ISRAEL GASTELUM-CHAVEZ, | ) |
| Petitioner, | ) PROTECTIVE ORDER |
| | ) |
| v. | ) Honorable Judge Victor B. Kenton |
| | ) |
| ERIC H. HOLDER, JR., | ) |
| U.S. Attorney General, | ) |
| Respondent. | ) |
| _____ | ) |

In the course of discovery, the parties anticipate the production of documents containing identifying information relating to third parties not participating in this lawsuit. This identifying information is contained within various agency records, document, and databases, some of which are in the possession, custody, and control of the Respondent, Respondent's agents, and Respondent's counsel. Respondent agrees to produce to Petitioner certain unprivileged unredacted records relating to Petitioner and (where appropriate) third-parties, subject to entry of this protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the parties have stipulated.

At the request of counsel for Petitioner and Respondent ("the Parties"), IT IS HEREBY ORDERED that in accordance with the terms of this Privacy Act Protective Order, under 5 U.S.C. § 552a(b)(11), Respondent is authorized to release to Petitioner, Petitioner's counsel, and the Court in this case, discovery containing unredacted identifying information of third-parties, without obtaining prior written consent of third parties whose names, addresses, birth dates, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

**Privacy Act material**

1.     The Parties agree that the terms of this Protective Order will govern the entirety of any and all documents, alien registration files, any law

enforcement reports, probation and pre-sentencing reports, or any other discovery that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including any materials produced in discovery or will be produced through any further discovery taken in this case.

2.     The parties expect that records to be provided by the federal government will contain third-party names, addresses, birth dates, social security numbers, alien numbers, or any other identifying information (*i.e.*, information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential and protected by this Protective Order.  All such Privacy Act information is subject to this Protective Order and may be used solely for purposes of this litigation.

3.     Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

(a)  Counsel for Petitioner, Petitioner, counsel for Respondent, Respondent, and any support staff of such counsel assisting in this action;

(b)  The Court and its personnel, including court reporters;

(c)  Individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the

subject matter of information or records produced subject to this Protective Order;

(d)  Expert witnesses or consultants retained by Petitioner or Respondent;

(e)  The author of the document or the original source of the information; and

(f)  Any Court of Appeals and its personnel, in the event of an appeal.

4.    All persons listed in Paragraph 3(a) above to whom identifying information is disclosed are prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 3(b)-(f) above, any confidential information, except as provided in this  Protective Order.

5.    All persons listed in Paragraphs 4(c) and (d) above, to whom identifying information is disclosed, shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment form, attached as Exhibit A, agreeing to be bound thereby.  The signed Acknowledgment forms shall be maintained by Petitioner's counsel or Respondent's counsel.

6.    To the extent that third-party identifying information is discussed in the course of a deposition, such confidential information must be designated as such by indicating on the record at the deposition, and the relevant portions

of the deposition transcript shall be placed under seal if filed with the Court,

unless a release is obtained from the individual to whom the identifying

information pertains, authorizing the disclosure of such information.

~~7.      No protected documents or information shall be used at any~~

~~hearing, trial or appellate proceeding in this action, unless provision shall be~~

~~made for exclusion of the public or unless some other reasonable provision to~~

~~protect confidentiality has been made.  Where protected documents or~~

~~information is used at a hearing, trial, or appellate proceeding in this action,~~

~~the appropriate portion of the court transcript shall be placed under seal.  Such~~

~~designation shall be limited to those portions of the transcript the sealing of~~

~~which is reasonably necessary to preserve the confidentiality of documents, as~~

~~well as copies or summaries made thereof and any information derived~~

~~therefrom, which are subject to the terms of this Protective Order.~~

**Federal Rule of Evidence 502**

8.      Under Federal Rule of Evidence 502, the parties agree, and this

Court orders, that any disclosure, whether intentional or inadvertent, of any

document or any other information anytime during the pendency of this case

shall be without prejudice to any claims that any or all such material is

confidential, privileged, or otherwise protected from discovery within the

meaning of Federal Rule of Civil Procedure 26, or any relevant case law, and

no party to this Protective Order shall be held to have waived or forfeited any rights by any such intentional or inadvertent disclosure.

(a)     If, at any time in this case, a producing party discloses any information subject to a claim of any privilege or protection, including but not limited to the attorney-client and work-product doctrines, the disclosure of the information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege that the producing party would otherwise be entitled to assert with respect to the disclosed information and its subject matter.

(b)     If any claim of disclosure of privileged material is made by a producing party with respect to disclosed information, the receiving party shall, without any court order, within five business days, return or destroy all copies of the disclosed information and provide a certification of counsel that all such disclosed information has been returned or destroyed.

(c)     Within twenty-one calendar days of the any notification that such disclosed information has been returned or destroyed, or within a different time upon written agreement of the Parties or order of the Court, the producing party shall produce a privilege log with respect to the disclosed information.

(d)     Any document or information so produced, and subject to any subsequent claim of privilege, work-product or any other protection, including protection under this Protective Order, shall not be introduced into

evidence in this or any other proceeding by any person without either (i) the

consent of the party, or (ii) Order of the Court.  Nor will such document or

information be subject to production (other than *in camera*) in any proceeding

by virtue of the fact that it was produced in this proceeding.

(e)  This order does not prohibit or otherwise restrict a party from

disclosing information protected by this agreement and order that may be

relevant to any civil or criminal proceeding or investigation to any Federal or

State agency with authority to enforce laws regulating any activity related to

the requested information.  Any such Federal or State agency shall keep the

information confidential only to the extent provided by law, and shall not be

subject to this order.

## ATTORNEYS' EYES ONLY STIPULATIONS

9.    Petitioner seeks to discover certain information and documents that

Respondent maintains are protected by the law enforcement privilege and/or are

highly-sensitive or confidential matters that would jeopardize the objectives of

law enforcement if released to the general public.  Respondent contends that

this specific category of documents warrants special protection from disclosure,

and the parties agree that, to the extent produced, these documents will be for

review only by Petitioner's attorney(s) and certain limited additional agents of

Petitioner, but not for review by Petitioner himself.  Thus, the parties stipulate to this "Attorney's Eyes Only" provision, to assure the protection and confidentiality of such information and documents.

10.    The term "Protected Information – Attorneys' Eyes Only" constitutes any and all documents and records, and the information contained therein, that: (1) are relevant to this action; (2) are required to be produced in response to discovery requests; (3) are not available to the general public; (4) are protected from disclosures pursuant to various privileges, laws, statutes, rules and regulations, or any other authority; and (5) Respondent has designated as being produced for attorneys' eyes only.

11.    Any information Respondent deems Protected Information – Attorneys' Eyes Only shall be stamped as "Subject to Protective Order – Attorneys' Eyes Only" prior to production.

12.    If Petitioner (through his counsel) contests the designation of particular documents as Protected Information – Attorneys' Eyes Only, he may bring an appropriate motion and legal memorandum in this Court as governed by the applicable local rules.

13.    The Protected Information produced by Respondent shall be used by the parties and their counsel solely for the prosecution and/or defense of this matter and shall not be published to members of the general public in any form,

nor used for any purpose except as specified in this Order or as the Court may order.

14.    Access to materials designated as Protected Information – Attorneys' Eyes Only shall be limited to the following authorized individuals:

(a) counsel for the parties, including support staff reasonably necessary to assist counsel and operating under counsel's direction, such as law students, paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction or direction;

(b) a present or former employee or representative of the United States or any other party who may be examined and may testify concerning any documents and information designated as Protected Information – Attorneys' Eyes Only;

(c) medical, technical, or other experts and consultants and their staff retained by any party or party's counsel to assist in this action;

(d) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians);

(e) Judges and Magistrate Judges of the Court, their staff, and Court employees; and

(f) Clerk of Court and the Clerk's staff.

15.     Petitioner's counsel shall not disclose materials subject to this Order to Petitioner, any third party not specified above, or any unauthorized person without further order of the Court or stipulation by the parties.  Nothing in this Order imposes any obligations or limits on the United States and/or counsel for the United States, nor does this Order limit or preclude in any way government personnel's rights to access and review documents containing Protected Information – Attorneys' Eyes Only.

16.     All individuals to whom Protected Information – Attorneys' Eyes Only is disclosed shall first be informed of and shall agree with the terms of this Order; shall not disclose or use the Protected Information – Attorneys' Eyes Only except in compliance with this Order; and, except for individuals identified above, shall, before receiving Protected Information –Attorneys' Eyes Only, acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgment form.  A copy of each such acknowledgment form must be provided promptly after its execution to counsel of record for either party.

17.     Each person to whom Protected Information – Attorneys' Eyes Only is disclosed shall

(a) maintain the information and documents protected from disclosure in a secure location;

(b) not reveal information and documents protected from disclosure to any person not authorized by and already subject to the terms of this Order; and

(c) not reveal or use the Protected Information – Attorney' Eyes Only except to assist the parties and their counsel in preparing and litigating this matter.

18.     With respect to all information and documents designated as Protected Information - Attorneys' Eyes Only and any pleadings, motions or other papers to be filed with the Court disclosing information and/or documents protected from disclosure, the parties shall, before filing such information or documents with the Court, make a motion to the Court requesting permission to file such information or documents "under seal." If the request is granted, the information or documents to be filed "under seal" shall be delivered to the Court either enclosed in a sealed envelope bearing this case's caption, an indication of the nature of the contents, and designated "Subject to Protective Order - Attorneys Eyes Only," or filed electronically using a filing option that allows the document to be filed under seal and not made accessible to the general public. In addition, the parties shall publicly file redacted versions of the information or documents filed "under seal" if feasible given the information that needs to be redacted.

19.    Petitioner's counsel shall not make copies of Protected Information – Attorneys' Eyes Only except at Petitioner's own expense and only to the extent necessary for permissible use under this stipulation.  Petitioner's counsel shall maintain a log of all copies that are made of Protected Information – Attorneys' Eyes Only.

20.    All Protected Information – Attorneys' Eyes Only, including copies, that have not been submitted to the Court, designated as subject to this Order shall be, within sixty days of a final judgment in this matter, be returned to Respondent's counsel. To the extent that copies of Protected Information – Attorneys' Eyes Only are made, Petitioner's counsel shall, in addition to all copies, provide the log described above to Respondent's counsel.

21.    Inadvertent production of any Protected Information – Attorneys' Eyes Only without it being marked "Subject to Protective Order - Attorneys Eyes Only" shall not in itself be deemed a waiver of any claim of confidentiality as to those documents or information.  If Respondent fails to mark an item as Protected Information - Attorneys Eyes Only at the time of production, Respondent may correct this failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked confidential, or by so identifying such production by assigned page number.  In the event of inadvertent production or disclosure, the producing party may

provide written notice to the other parties identifying the material inadvertently disclosed.  Within five business days of receipt of such notice, any individual or entity that received such allegedly privileged or protected material shall return to the producing party all such material, and copies thereof, in his, her or its possession.

22.    This stipulation does not constitute a ruling on whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of a document or information.  Nor does this stipulation constitute a ruling on whether any party may withhold any particular document or category of information on the basis of privilege.

23.    This Order does not constitute a waiver of any privilege or defense that any party has regarding the production of the requested information. Thus, this Order cannot be used as evidence of a waiver of any production objection, including but not limited to, relevance, undue burden, over breadth, ambiguity, or that the information sought will not lead to the discovery of admissible evidence.

24.    This Order is without prejudice to the rights of any party to apply to the Court for a further protective order or to make discovery objections permitted by the Federal Rules of Civil Procedure, or any other authority.

**General Provisions**

25.     Within thirty days of the final conclusion of this litigation, including any appeals, Petitioner's counsel shall collect all documents produced under this Protective Order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return – without demand – such documents to Respondent's counsel.  Alternatively, Petitioner's counsel shall destroy the documents by shredding them and provide Respondent's counsel with verification of destruction within thirty days of the final conclusion of this litigation, including any appeals.

26.     Agreement to this Protective Order does not waive any rights of any party to assert, and/or object to, a claim of any privilege as to these or similar documents.

27.     Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

28.     Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

29.     Any disclosure of information related to a third-party who has executed a Privacy Act Waiver shall be governed by the terms of the Privacy Act Waiver executed by the third-party.

30.    Any party may apply to this Court at any time, upon proper notice as required by the rules of this Court, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

31.    This Order shall be binding upon any present and future party or counsel in this civil action or any appeal

32.    This Order shall be effective and enforceable upon its signature by counsel and by the Court.

NOTE: PARAGRAPH 7 IS DELETED.

THE USE OF DOCUMENTS AND INFORMATION WHICH HAVE BEEN DESIGNATED AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL, IN HEARINGS, TRIALS, OR OTHER PROCEEDINGS IS SUBJECT TO THE ORDER OF THE JUDICIAL OFFICER(S) PRESIDING OVER THE HEARING, PROCEEDING, OR TRIAL, AS MAY BE APPLICABLE.

**IT IS SO ORDERED.**


DATED: April 17, 2015          _____/s/_____
                               VICTOR B. KENTON
                               United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT

I, _____, [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California in the case of the

*Gastelum-Chavez v. Holder*, Case No. 2:14-CV-7566, and I agree to comply with and to be

bound by all the terms of this Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

[print or type full address and telephone number] as my agent for service of process in

connection with this action or any proceedings related to enforcement of this Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed Name:_____

Signature: _____

1

## <u>CERTIFICATE OF SERVICE</u>

2

I certify that on April 15, 2015, I electronically filed the foregoing with

3

the Clerk of Court using the CM/ECF System, which will send notice of such

4

filing to the following registered CM/ECF user:

5

Stacy Tolchin, Esq.
Law Office of Stacy Tolchin

6

634 S. Spring St., Suite 500A
Los Angeles, CA 90014

7

8

/s/ Matthew B. George
MATTHEW B. GEORGE

9

Trial Attorney
Office of Immigration Litigation

10

Civil Division
U.S. Department of Justice

11

12

13

14

15

16

17

18

19

20